1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10                    **WESTERN DIVISION**
11
12  MAURICE DAVON ROBINS,                )    No. CV 16-1226-JFW (PLA)
                                         )
13              Petitioner,              )    **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                         )    **OF HABEAS PETITION AS SUCCESSIVE**
14        v.                             )    **AND/OR AS BARRED BY THE STATUTE**
                                         )    **OF LIMITATIONS**
15  C. PFEIFFER, Warden,                 )
                                         )
16              Respondent.              )
    _____)
17

18        Maurice Davon Robins ("petitioner") initiated this action on February 23, 2016, by filing a

19  Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254

20  ("Petition" or "Pet."). The Petition challenges his November 8, 2008, conviction in the Los Angeles

21  County Superior Court, case number MA042065, for attempted voluntary manslaughter (Cal.

22  Penal Code §§ 664, 192(a)), and assault with a firearm (Cal. Penal Code § 245(a)(2)). (Pet. at

23  2).

24        The Court observes that on October 30, 2012, petitioner filed an earlier habeas petition in

25  this Court, in case number CV 12-9298-JFW (PLA) ("CV 12-9298"), also challenging his 2008

26  conviction in case number MA042065 ("2012 Petition"). The 2012 Petition was dismissed with

27  prejudice on the merits, pursuant to the Judgment entered on January 12, 2015. (Case No. CV

28  12-9298, Dkt. No. 47). Petitioner's request for a certificate of appealability was denied on that

same date by the District Judge.  (Case No. CV 12-9298, Dkt. No. 48).  His request for a certificate of appealability was denied by the Ninth Circuit on November 13, 2015.  (Case No. CV 12-9298, Dkt. No. 56).

## A.      SECOND OR SUCCESSIVE PETITIONS

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).  The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Petitioner's 2012 Petition raised the following grounds for relief:  (1) trial counsel provided ineffective assistance at sentencing; (2) the trial court relied on improper aggravating factors at sentencing; (3) the trial court excluded evidence in violation of petitioner's right to present a defense; and (4) there was insufficient evidence to convict petitioner of attempted voluntary manslaughter. (2012 Pet. at 5-6).  As mentioned above, that action was dismissed with prejudice on the merits.  In the instant Petition, petitioner alleges that trial counsel provided ineffective assistance when counsel failed to investigate a witness who claimed to have a surveillance video of the incident, failed to object to the prosecutor's statement that the videotape was "inculpatory,"

failed to keep petitioner informed of developments in his case, and waived petitioner's right to be present without his knowledge.  (Pet. at 5).

Petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that even though petitioner is seeking to present new claims in the instant Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence.  Thus, the Petition is successive.  However, even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  There is no indication that petitioner has obtained such permission from the Ninth Circuit.  It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b).  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, it appears that dismissal of the Petition as successive is appropriate.

**B.    STATUTE OF LIMITATIONS**

The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

---

[1]    Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

As stated above, petitioner was convicted on November 8, 2008. (Pet. at 2).  His conviction became final on February 16, 2009, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired.  Petitioner constructively filed the instant Petition on February 15, 2016.  (Dkt. No. 1 at 8).  On its face, therefore, it appears that the instant Petition is barred by the statute of limitations.

## C.    CONCLUSION

Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant Petition should not be dismissed as successive; and (2) why the instant Petition should not be dismissed as time barred.

Specifically, **no later than March 30, 2016,** petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the Petition should not be dismissed as time barred.  All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

/
/
/
/
/
/
/
/
/
/
/

**Failure to respond by March 30, 2016, will result in the instant Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations.**[2]

DATED:  February 26, 2016

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.