1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10         WESTERN DIVISION
11
12   MAURICE DAVON ROBINS,              )   No. CV 16-1226-JFW (PLA)
                                        )
13                   Petitioner,        )   **ORDER RE: DISMISSAL OF HABEAS**
                                        )   **PETITION AS SUCCESSIVE**
14             v.                       )
                                        )
15   C. PFEIFFER, Warden,               )
                                        )
16                   Respondent.        )
                                        )
17   _____)

18                                  I.

19                              **BACKGROUND**

20         Maurice Davon Robins ("petitioner") initiated this action on February 23, 2016, by filing a

21   Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254

22   ("Petition" or "Pet."). The Petition challenges his November 8, 2008, conviction in the Los Angeles

23   County Superior Court, case number MA042065, for attempted voluntary manslaughter (Cal.

24   Penal Code §§ 664, 192(a)), and assault with a firearm (Cal. Penal Code § 245(a)(2)). (Pet. at

25   2). In the Petition, petitioner alleges that trial counsel provided ineffective assistance when she

26   failed to investigate a witness who claimed to have a surveillance video of the incident, failed to

27   object to the prosecutor's statement to the court that the videotape was "inculpatory," failed to

28

1 keep petitioner informed of developments concerning the videotape, and waived petitioner's right
2 to be present while the videotape was being discussed without his knowledge. (Pet. at 5).

3       On October 30, 2012, petitioner filed an earlier habeas petition in this Court, in case
4 number CV 12-9298-JFW (PLA) ("CV 12-9298"), also challenging his 2008 conviction in case
5 number MA042065 ("2012 Petition" or "2012 Pet."). In his Traverse to respondent's Answer,
6 petitioner raised a claim for the first time that counsel was ineffective for failing to investigate the
7 videotape from his neighbor -- in part, much the same ineffective assistance of counsel claim that
8 he raises in the instant Petition. (See CV 12-9298, Dkt. No. 36 at 7-8). On November 19, 2014,
9 the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the
10 2012 Petition be dismissed with prejudice. (CV 12-9298, Dkt. No. 39). In the R&R, the Magistrate
11 Judge found in relevant part that any error in excluding the videotape was harmless, as petitioner
12 had not challenged the prosecutor's description of the videotape as "inculpatory" and had
13 presented no evidence demonstrating how the videotape would have aided his defense. (CV 12-
14 9298, Dkt. No. 39 at 21-22). The Magistrate Judge also found that petitioner's claim that counsel
15 was ineffective for failing to investigate the videotape, although improperly raised for the first time
16 in the Traverse, nevertheless failed on the merits as it was too speculative because petitioner
17 offered no evidence that the videotape would have contained exculpatory evidence. (CV 12-9298,
18 Dkt. No. 39 at 21-22 n.8).

19       On December 24, 2014, more than one month after the Magistrate Judge issued the R&R,
20 petitioner filed a Motion to Amend the 2012 Petition so that he could exhaust three new claims,
21 including the ineffective assistance of trial counsel claim, and a claim that the trial court abused
22 its discretion in excluding the videotape in violation of petitioner's right to present a defense, as
23 well as a Motion for Stay so that he could return to state court to exhaust those claims. (CV 12-
24 9298, Dkt. Nos. 42, 43). On January 5, 2015, petitioner filed his Objections to the R&R. (CV 12-
25 9298, Dkt. No. 44). On January 8, 2015, the Magistrate Judge denied petitioner's Motion to
26 Amend the 2012 Petition and Motion for Stay. (CV 12-9298, Dkt. No. 45). The Magistrate Judge
27 specifically found that petitioner acted with "undue delay" in attempting to add these claims, and
28 also that allowing petitioner to amend would be futile because he would not be entitled to a stay

1  and abeyance of his 2012 Petition pursuant to either <u>Rhines v. Weber</u>, 544 U.S. 269, 274-77, 125
2  S. Ct. 1528, 161 L. Ed. 2d 440 (2005) -- because the new claims were untimely and "plainly
3  meritless" -- or pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) -- because the new
4  claims were untimely and did not relate back to his original claims, nor were they demonstrated
5  to be potentially meritorious. (<u>Id.</u> at 2-3).

6       On January 12, 2015, the Court accepted the R&R, and Judgement was entered
7  dismissing the 2012 Petition with prejudice on the merits. (Case No. CV 12-9298, Dkt. No. 47).
8  Petitioner's request for a certificate of appealability was denied on that same date. (Case No. CV
9  12-9298, Dkt. No. 48). On January 20, 2015, petitioner filed a Motion for Reconsideration of the
10 order denying his Motions to Amend and for a Stay of the 2012 Petition. (Case No. CV 12-9298,
11 Dkt. No. 49). Because Judgment had already been entered, this Court construed the Motion for
12 Reconsideration as a request for relief pursuant to Rules 59 and 60 of the Federal Rules of Civil
13 Procedure and denied it on the grounds that petitioner had failed to present any evidence that the
14 videotape was exculpatory in any fashion, and because petitioner was personally aware of the
15 existence of the videotape at least since August 2013 when he filed his Traverse. (Case No. CV 12-
16 9298, Dkt. No. 50). Petitioner's January 29, 2015, request for a certificate of appealability directed
17 to the Ninth Circuit was denied by that Court on November 13, 2015. (Case No. CV 12-9298, Dkt.
18 Nos. 51, 56).

19      In the instant action, on February 26, 2016, the Magistrate Judge issued an order requiring
20 petitioner to show cause why the Petition should not be dismissed as successive and/or as barred
21 by the statute of limitations ("Order to Show Cause"). (Dkt. No. 4 at 4). Petitioner was advised
22 that in order to avoid dismissal he must submit the following: "(1) documentation showing that,
23 pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order
24 authorizing the district court to consider a successive petition, *and that the Ninth Circuit issued*
25 *such an order*; and (2) a response making clear his arguments, if any, as to why the Petition
26 should not be dismissed as time barred." (<u>Id.</u>). On March 7, 2016, petitioner filed a Response to
27 the Order to Show Cause ("Response"). (Dkt. No. 6).

28 /

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner's 2012 Petition raised the following grounds for relief: (1) trial counsel provided ineffective assistance at sentencing; (2) the trial court relied on improper aggravating factors at sentencing; (3) the trial court excluded evidence in violation of petitioner's right to present a defense; and (4) there was insufficient evidence to convict petitioner of attempted voluntary manslaughter. (2012 Pet. at 5-6). As mentioned above, that action was dismissed with prejudice on the merits.

Petitioner contends that the factual predicate for the ineffective assistance of counsel claims raised in his current Petition could not have previously been discovered through the exercise of due diligence because during closing arguments the trial judge, the district attorney, and petitioner's trial counsel "made an agreement" not to inform petitioner of the existence of an allegedly "exculpatory" videotape. (Response at 2). In support of his claim, petitioner provides

4

1   Exhibit 2, which is a transcript of trial court proceedings held outside the presence of the jury and
2   after removing petitioner from the courtroom, during which the court and the attorneys discussed
3   the fact that petitioner's next-door neighbor had called the prosecutor to let him know that he had
4   videotaped events leading up to the incident "but not the actual porch where the incident
5   occurred," and had informed the prosecutor "that he would not be turning over that videotape to
6   us at this point in time anyway." (Pet. Ex. 2 at 2-3). The transcript shows that the trial court and
7   counsel then determined that the material -- based on the neighbor's representations as to its
8   content -- was "largely all inculpatory material," and then determined that for the safety of the
9   witness "there is really [no] need to discuss this further, particularly with [petitioner] or any
10  members of the family or really any members of the public." (Pet. Ex. 2 at 3). Petitioner states
11  that he discovered these claims through exercising his due diligence, while researching his
12  transcripts for preparing his Traverse.[1] (Response at 2). He alleges that had counsel not agreed
13  to keep this information from petitioner, he could have used the videotape to corroborate his claim
14  that the victims "were actually the aggressors and that one of them attempted to inflict great bodily
15  harm on the petitioner by trying to hit him with a 'small bicycle.'"[2] (Response at 3-4). This would
16  establish by clear and convincing evidence that no reasonable factfinder would have found
17  petitioner guilty of attempted voluntary manslaughter. (Response at 4).

18        However, even if, as petitioner alleges, the instant claim satisfied the exception found in
19  28 U.S.C. § 2244(b)(2)(B) -- and petitioner provides no evidence as to the amount of time he was
20  in possession of the subject transcript before raising this issue for the first time in his Traverse --

21

22  _____
      [1]   As noted, petitioner raised the ineffective assistance of counsel issue for the first time in his
23  Traverse. Petitioner contends that by raising the ineffective assistance of counsel claims in the instant
      Petition, he is trying to demonstrate that counsel was ineffective for failing to investigate the videotape
24  by showing that the videotape may have contained exculpatory evidence that would have aided his
      defense. (Response at 2-3). That is, he is attempting to address the Court's finding that
25  petitioner's claim that counsel was ineffective for failing to investigate the videotape failed on the
      merits as it was too speculative because petitioner offered no evidence that the videotape would
26  have contained exculpatory evidence. (See CV 12-9298, Dkt. No. 39 at 21-22 n.8).

27
      [2]   Petitioner notes that at trial the victim denied ever swinging the bicycle at petitioner.
28  (Response at 6).

1 | petitioner nevertheless is required to seek authorization from the Ninth Circuit before filing a

2 | successive petition. 28 U.S.C. § 2244(b)(3)(A); <u>Burton v. Stewart</u>, 549 U.S. 147, 152-53, 127 S.

3 | Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the

4 | Court of Appeals before filing a second habeas petition). Although with his Response petitioner

5 | includes a copy of a "Motion for an Order Authorizing the District Court to Consider the Application,"

6 | directed to the United States Court of Appeals for the Ninth Circuit, as of March 14, 2016, there was

7 | no indication reflected on the Ninth Circuit's docket that petitioner has actually filed such an application

8 | in that Court. Moreover, as the Magistrate Judge thoroughly informed petitioner in the Order to Show

9 | Cause, if petitioner wishes to to make a successive habeas application, "he must file a 'Motion for

10 | Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. §

11 | 2244(b)(3)(A)' **directly with the Ninth Circuit** . . . [and] *[u]ntil the Ninth Circuit issues such an order*,

12 | any direct or implied request for a second or successive petition for writ of habeas corpus is barred

13 | by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from

14 | the Ninth Circuit to file the petition." (Order to Show Cause at 5 n.2 (italics added)). There is no

15 | indication that petitioner has obtained such authorization from the Ninth Circuit.

16 |       Based on the foregoing, the Court is without jurisdiction to entertain the current Petition under

17 | 28 U.S.C. § 2244(b). <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628

18 | (2007); <u>Cooper</u>, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the

19 | absence of proper authorization from the court of appeals, consider a second or successive habeas

20 | application.'"). Thus, the Court finds that it is appropriate to dismiss the instant Petition without

21 | prejudice as successive.[3]

22 | /

23 | /

24 | /

25 | /

26 |

27 |     [3]  Because the Court finds that the Petition is subject to dismissal as successive for failure
to obtain authorization for filing from the Ninth Circuit, it will not consider whether the statute of
28 | limitations bars petitioner's claim.

III.

**CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: _____3/16/16_____

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE